## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:05-cr-00082-TWP-TAB-5 |
| MICHAEL JACKSON, | ) ) ) |
| Defendant. | ) |

### ORDER GRANTING IN PART MOTIONS TO REDUCE SENTENCE

This matter is before the Court on Defendant Michael Jackson's ("Jackson") Motion to Reduce Sentence. (Dkt. 304.) In August 2010, a jury convicted Jackson of one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and five kilograms or more of powder cocaine. (Dkts. 34, 56.) Currently serving a 360-month sentence, Jackson now seeks a reduction pursuant to the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372 (2010), and the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). (*See* Dkts. 294, 304.) The Government opposes Jackson's Motions. (Dkt. 308.) For the reasons set forth below, the Court **grants** Jackson's Motions to the extent it will conduct a plenary resentencing hearing to determine what relief, if any, is appropriate.

### I. BACKGROUND

In June 2005, a grand jury returned a Superseding Indictment that charged Jackson with one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of a mixture or substance containing cocaine base and five kilograms or more of a mixture or substance containing powder cocaine. (Dkt. 319 at ¶ 1.)

Jackson proceeded to trial, and a jury convicted him of the conspiracy offense as charged. (Dkt. 34.) The Presentence Investigation Report prepared after Jackson's conviction detailed the conspiracy in which Jackson participated. (Dkt. 319 at ¶¶ 9-31.) Beginning in 2004, members of the conspiracy transported multi-kilogram quantities of powder cocaine from Gary, Indiana, to Indianapolis, Indiana. *Id.* at ¶ 10. The powder cocaine was then distributed or cooked into cocaine base and distributed. *Id.*

Jackson distributed both powder cocaine and cocaine base as part of the conspiracy. *Id.* at ¶¶ 13-23. The conspiracy involved over 46 kilograms of powder cocaine and 685 grams of cocaine base. *Id.* at ¶ 31. Wiretaps conducted during the investigation disclosed that Jackson served as an enforcer for the conspiracy. For example:

- he stated he would "retrieve his AK-47" after having an altercation with rivals, *id.* at ¶ 14;
- he said he "would kill everybody and everything that moved . . . kids and all" if anyone hurt another member of the conspiracy, *id.* at ¶ 15;
- he told another member of the conspiracy that he pistol whipped a rival drug dealer who sold cocaine base to one of Jackson's customers, *id.* at ¶ 16; and
- he said he would "spray . . . up with the Glock" a vehicle driven by someone with whom Jackson had a dispute, knowing there were children in the vehicle, *id.* at ¶ 27.

Under § 841 as applied to Jackson at sentencing, he faced a mandatory minimum sentence of 10 years' imprisonment and a mandatory five-year term of supervised release. 21 U.S.C. § 841(b)(1)(A)(iii) (eff. Apr. 15, 2009 to Aug. 2, 2010). Jackson's total offense level was 38, and his criminal history category was VI. (Dkt. 319 at 22.) This resulted in a guidelines range of 360

months' to life imprisonment.[1]  *Id.*  The Court sentenced Jackson to 360 months' imprisonment and five years' supervised release.  (Dkt. 56.)

Jackson now seeks a sentence reduction pursuant to § 404(b) of the First Step Act, arguing that he is no longer subject to the 10-year statutory mandatory minimum sentence or the five-year mandatory term of supervised release that applied to offenses involving cocaine base at the time of his sentencing.  (Dkt. 304.)[2]  He filed his first, *pro se* motion to reduce sentence in March 2020, arguing that he was eligible for a sentence reduction under the First Step Act and that a sentence reduction was warranted based on his post-conviction conduct.  (Dkt. 294.)  The Court appointed counsel to represent him, and appointed counsel filed a second motion to reduce sentence in January 2021. (Dkt. 304.) This Motion further expounded upon Jackson's rehabilitation efforts. *Id.* at 9-13.  Jackson requested that his term of imprisonment be reduced to time served and his term of supervised release be reduced to four years.  *Id.* at 13.  In response, the Government conceded that Jackson is eligible for a reduced sentence under § 404 because he was convicted of a "covered offense" under the statute but argued that a sentence reduction is not warranted based on the sentencing factors set forth in 18 U.S.C. § 3553(a).  (Dkt. 308 at 7-15.) Jackson filed a reply, providing more information about his background and post-sentencing rehabilitation.  (Dkt. 317.)

## II.  DISCUSSION

Jackson seeks relief under § 404 of the First Step Act, which made retroactive the provisions of the Fair Sentencing Act.  The Fair Sentencing Act reduced the penalties for certain "covered offenses" involving cocaine base.  First Step Act of 2018, Pub. L. No. 115-391, § 404,

---

[1] Prior to trial, the Government filed an Information under 21 U.S.C. § 851 stating that Jackson had a previous conviction for a felony drug offense. (Dkt. 21.)  The parties then discovered that Jackson did not have a previous felony drug conviction, so the Court did not apply the enhanced sentencing penalties. (Dkt. 322.)

[2] Jackson's second Motion to Reduce Sentence, (Dkt. 304), is his most comprehensive request for a sentence reduction. For ease and clarity, the Court will cite to only this motion.

3

132 Stat. 5194, 115th Cong. (2018).  Under § 404(b), a defendant is eligible for a sentence reduction if: (1) his offense was committed before enactment of the Fair Sentencing Act in August 2010; (2) he has not previously sought and been denied relief under § 404 after a complete review on the merits; and (3) he was convicted of an offense involving a quantity of drugs that no longer triggers enhanced penalties.  *United States v. Bethany*, 975 F.3d 642, 650 (7th Cir. 2020).

If a court determines that a defendant is eligible for a sentence reduction under § 404, it must also determine whether it should reduce the defendant's sentence.  *United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020).  When determining what relief, if any, is warranted for a defendant eligible for a reduced sentence under the First Step Act, the Court must rely upon the record and consider the parties' arguments.  *United States v. Shaw*, 957 F.3d 734, 740 (7th Cir. 2020).  The Seventh Circuit has "set forth several factors, grounded in 18 U.S.C. § 3553(a), that a court may consider when evaluating whether to reduce an eligible defendant's sentence under the First Step Act." *Hudson*, 967 F.3d at 609 (citing *Shaw*, 957 F.3d at 741-42).  These factors "include new statutory minimum or maximum penalties; current [Sentencing] Guidelines; post-sentencing conduct; and other relevant information about a defendant's history and conduct." *Id.*

Here, the parties agree that Jackson is eligible for a sentence reduction under § 404.[3]  Thus, the Court will focus on whether Jackson's sentence should be reduced.

In support of his requests for a reduction of his sentence to time served and a four-year term of supervised release, Johnson asserts a reduction is warranted based on his post-sentencing conduct, the § 3553(a) factors, and the post-sentencing change in applicable law. (Dkt. 304 at 9-12.)  The Government contends that a reduction is not warranted based on the § 3553(a) factors. (Dkt. 308 at 9-15.)  It highlights the amount of powder cocaine and cocaine base distributed as part

---

[3] Jackson remains subject to a ten-year mandatory minimum sentence, however, based on the amount of powder cocaine involved in the conspiracy.  *See* 21 U.S.C. § 841(b)(1)(A)(ii) (eff. Dec. 21, 2018).

4

of the conspiracy, the currently applicable guidelines range, and Jackson's role as an "enforcer" for the conspiracy. *Id.*

To decide what relief, if any, is appropriate for Jackson, the Court will conduct a plenary resentencing hearing.[4] At the hearing, the Court will consider what a proper sentence would be in light of the First Step Act. It will also consider the statutory range applicable to Jackson, the Sentencing Guidelines, the sentencing factors in § 3553(a), and Jackson's post-sentencing conduct.

### III. CONCLUSION

For the foregoing reasons, Jackson's Motions to reduce sentence, (Dkt. [294], Dkt. [304]), are **GRANTED to the extent** the Court will conduct a plenary resentencing hearing to determine what relief, if any, is appropriate. The resentencing hearing will be set by separate order.

If Jackson does not wish to interfere with his participation in programs at his current place of incarceration, he shall have **through Monday, January 3, 2022**, to file a waiver that would allow him to appear at the resentencing hearing via video conference.

In preparation for the resentencing hearing, the United States Probation Office is **directed** to prepare a supplemental presentence investigation report and confidential sentencing recommendation.

**SO ORDERED.**

Date: 12/3/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[4] The Seventh Circuit has not held that a sentence modification under the First Step Act requires a plenary resentencing hearing, nor has it suggested that a district court lacks discretion to hold such a hearing. *See United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) (stating that what procedure, if any, a court must follow before exercising its discretion to reduce a sentence under § 404(b) is up for debate, but noting that courts generally agree that a plenary resentencing is not required); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (district court did not plainly err by reducing defendant's sentence without a plenary resentencing); *United States v. Hamilton*, 790 F. App'x 824, 826 (7th Cir. 2020) (same). Other courts have reached differing outcomes when determining whether a plenary resentencing hearing is permissible. *See, e.g.*, *United States v. Brown*, 974 F.3d 1137, 1144 (10th Cir. 2020) (plenary resentencing is not appropriate under the First Step Act); *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020) (plenary or *de novo* resentencing not authorized); *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019) (plenary resentencing at court's discretion); *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019) (same); *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019) (plenary resentencing not allowed).

DISTRIBUTION:

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS, INC.
sara.varner@fd.org

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

Bob Akers
UNITED STATES PROBATION OFFICE